Daniel Becker, J.
This is a motion by the State for leave to renew and reargue a prior motion it made for an order permitting it to file a counterclaim and for summary judgment on the counterclaim, and to reargue claimant’s cross motion for judgment. Claimant opposes the State’s motion.
The court by memorandum decision dated March 8,1974 denied the State’s prior motion to file a counterclaim and for summary judgment on the counterclaim and granted the claimant’s motion for judgment.
The controversy arises out of a decision of this court filed December 10, 1973 awarding claimant judgment in an amount less than the partial payment made to it by the State.
The State now urges, that one of the grounds upon which the court rendered its memorandum decision on the prior motion was the State’s failure to comply with the time limitation in which a counterclaim .must be filed, as contained in paragraph 7 of the partial payment agreement. The State now asserts that claimant’s counsel waived the 30-day time period and includes as an exhibit in the motion papers a letter dated March 29, 1974 signed by claimant’s attorney. This letter appears to confirm the fact that claimant’s attorney orally agreed to relieve. the State from this time provision of paragraph 7. Unfortunately, while the State included the agreement in its initial motion papers, the court was never apprised of the waiver.
*942 However, a review of the court’s prior decision on this motion clearly indicates that its discussion of this aspect was merely dictum and not the basis upon which the .State’s motion was denied. It is clear that the procedure for filing a counterclaim in this court is governed by section 1200.15 of the Rules of the Court of Claims (22 NYCRR 1200.15). As observed by the court in its prior decision, this rule provides that any counterclaim by the State must be filed within 20 days after the filing of the claim or within such time as ordered by the court. To reiterate, the purpose of this rule is to permit the State to file a counterclaim at some point in time prior to a decision being rendered. The State failed to file a counterclaim in this matter but instituted a motion to do so some 41 days after the decision directing judgment in this claim had been filed. At that point in time, there was no claim to which the counterclaim could be addressed, since the trial had been concluded and the decision filed. Contrary to the State’s argument, the only thing remaining to be done was the ministerial act by the Clerk in entering the judgment. (Rules of the Court of Claims, 22 NYCRR 1200.30.) After the judgment is directed by the court the Attorney-General need only certify title to the Clerk and direct under whose name the judgment is to be entered. In this case, the Attorney-General conceded that there was no question with respect to proper title reposing in claimant. It is clear that there is no issue concerning the name of the claimant in which judgment should be entered in this matter. The State’s reliance upon subdivision 6 of section 20 of the Court of Claims Act is misplaced. That section concerns steps to be taken after judgment has been filed and after the Comptroller receives a certificate of no appeal. It relates directly to a function of the Comptroller and has no relevancy to the case at bar at this juncture.
The State again presses the argument that it had no knowledge that a counterclaim would be necessary until after the court’s decision was filed. That certainly is not the case here. In this case, the State obtained two appraisals. The first was the basis for the partial payment and was not filed as required by rule 25a of the Rules of the Court of Claims (22 NYCRR 1200.27). The second appraisal was filed -January 16,1973 pursuant to rule 25a and was for use at trial. The second appraisal corrected an error in the first appraisal and resulted in a substantial reduction in damages to subject. In fact, a substantial difference between the partial payment agreement and this appraisal was reflected. It was at this juncture that the State should have brought on this motion. The CPLR provides *943 authority for alternative pleadings. (CPLE 3014.) Moreover, counterclaims may be pleaded in the alternative. (3 Weinstein-Korn-Miller, N. Y. iCiv. Prac., par. 3019.10.)
In instances, limited solely to situations such as the case at bar, where there is a possibility of a lower award in damages because of the difference between an appraisal used as the basis for partial payment and the appraisal to be used at trial, the State should file a counterclaim to protect itself. .Certainly in this case there was ample time to do so prior to the decision of this court.
In the court’s view where there is any probability that a judgment might be rendered by a court in an amount less than the partial payment agreement, the State should set up a counterclaim based upon the existence of the agreement which permits a counterclaim under such circumstances.
Even, as in the instant case, where the State fails to timely file a counterclaim, the rights of the State are still preserved and it can prosecute an action for the excess payment in the appropriate forum.
Finally, the State alleges that the practice currently under the court’s consideration is an established practice which has never been rejected or disapproved by the Appellate Division and cites two cases in support of its position. A reading of those decisions clearly shows that in each case the court never passed upon the propriety of this practice. In fact, this court can find no case in .which the Appellate Division has ever rendered a decision directly on this question. The mere fact that this practice has gone unquestioned in the past is not compelling authority for permitting a counterclaim to be filed after completion of the proceeding and the direction of judgment by the court.
Consequently the court now grants the State’s motion to renew and reargue its prior motion and upon reargument, its motion is again denied and claimant’s cross motion is granted.